**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

RONNA KINSELLA                                                                                    PLAINTIFF

VS.                                                            CIVIL ACTION NO. 3:15-CV-194-MPM-JMV

OFFICEMAX INCORPORATED,
OFFICEMAX NORTH AMERICA,
INC., AND OFFICEMAX, INC.                                                                     DEFENDANTS

## ORDER TO SHOW CAUSE

This matter is before the court, *sua sponte*, to dismiss this cause of action for lack of federal jurisdiction as explained hereafter.[1] Such dismissal may be avoided by an amendment of the pleadings within seven (7) days of this order, asserting an appropriate basis for federal court jurisdiction.

Plaintiff, Ronna Kinsella, seeks to assert jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332; however, such attempt is inadequate because the complaint does not adequately identify the citizenship of the parties. "The party asserting diversity jurisdiction must 'distinctly and affirmatively allege[ ]' the citizenship of the parties." *Molina v. Wal-Mart Stores Texas, L.P.*, 535 F.Supp.2d 805, 807 (W.D. Tex. 2008) (citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001)).

The complaint refers to Defendant OfficeMax Incorporated, Defendant OfficeMax North America, Inc., and Defendant OfficeMax, Inc. ("the Defendants") as merely "foreign for-profit corporation(s)." It further states that the "principle office address" for each of the Defendants is "6600 North Military Trail, Boca Raton, Florida 33496."

---

[1] Although Defendants have not argued a failure in this respect, the court must make an independent inquiry into its jurisdiction. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004) (Ginsburg, J., dissenting) (citing *Bender v. Willamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements.").

The complaint is insufficient because Plaintiff fails to properly identify the state of incorporation or principal place of business for the Defendants.  "A corporation's citizenship derives, for diversity jurisdiction purposes, from its State of incorporation and principal place of business." *Wachovia Bank v. Schmidt,* 546 U.S. 303, 318 (2006) (citing 28 U.S.C. § 1332(c)(1)).

Thus, it does not appear on the face of the complaint that this court has subject matter jurisdiction.  As noted, this defect may be corrected by the filing, within seven (7) days of this order, of an amended pleading asserting the citizenship of the parties and establishing complete diversity.  Failure to do so will result in the court dismissing the complaint for lack of subject matter jurisdiction.

**SO ORDERED** this, the 7th day of January, 2016.

/s/Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**