IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

RONNA KINSELLA                                                                           PLAINTIFF

v.                                                              Civil Action No.: 3:15-cv-00194-MPM-JMV

OFFICEMAX, INC. et al.                                                                  DEFENDANTS

## ORDER

Presently before the Court is defendants OfficeMax Incorporated, OfficeMax North America, Inc., and OfficeMax, Inc.'s ("OfficeMax") *Motion for Summary Judgment* [40]. Plaintiff Ronna Kinsella ("Kinsella") responded in opposition to the motion, and OfficeMax filed a reply. Having reviewed these submissions, along with relevant authorities and evidence, the Court is now prepared to rule.

### Relevant Facts

On the evening of January 9, 2013, Kinsella and her mother entered an OfficeMax store located in Southaven, Mississippi. Prior to their arrival at the store, another customer spilled ink toner on the floor in or around the store's ink aisle.[1] Justin Bernero—an OfficeMax employee— mopped up the spill and placed a yellow caution sign in the area. Shortly thereafter, Kinsella arrived and began walking down the "main center aisle" toward the restroom in the back of the building and "slipped and fell in a puddle of water while passing an end-cap display." Kinsella allegedly suffered severe injuries as a result of the fall.

---

[1] In her response, Kinsella emphasizes that OfficeMax previously stated that the customer had spilled a "liquid substance" rather than ink toner. OfficeMax also stated in a discovery document that the floor was wet due to rainy weather outside. While Kinsella makes a point to note this distinction, it does not appear, in the Court's view, to have any legal relevance to this motion. It is undisputed that the floor surrounding the area where Kinsella eventually fell was wet.

The parties do not dispute that a yellow caution sign was placed somewhere near the area where Kinsella fell. In fact, Kinsella herself testified that she "noticed a wet floor sign . . . [and that] somewhere around there was where [she] fell." The parties do, however, dispute the exact placement of the sign. OfficeMax asserts that "[t]he yellow caution sign was positioned in the middle of the center aisle so that the front of the sign was facing customers walking straight on the center aisle toward the back of the store." Kinsella disagrees, asserting that her testimony and photographs from the surveillance video directly refute this allegation. In her deposition, Kinsella testified that the caution sign was placed at an angle "in between the smallest aisle and the first tall aisle, not in the main center aisle where I was walking."

Nevertheless, Kinsella walked past the sign, slipped and fell, and allegedly suffered serious injuries. On November 10, 2015, she filed this action. In her complaint, she asserts that OfficeMax's negligence, gross negligence, and/or recklessness were the proximate cause of her injuries. On February 6, 2017, OfficeMax filed the present motion, arguing that Kinsella has not come forward with sufficient evidence to survive summary judgment. Having given due consideration to the motion, the Court finds that it is not well-taken and should be denied.

**Rule 56 Standard**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). At the summary judgment stage, the court must "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133,

2

150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). Once the moving party shows there is no genuine dispute as to any material fact, the nonmoving party "must come forward with specific facts showing a genuine factual issue for trial." *Harris ex rel. Harris v. Pontotoc Cty. Sch. Dist.*, 635 F.3d 685, 690 (5th Cir. 2011). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). However, "[s]ummary judgment is [] improper where the court merely believes it unlikely that the non-moving party will prevail at trial." *U.S v. Miss. Dep't of Pub. Safety*, 309 F.Supp.2d 837, 840 (S.D. Miss. 2004) (citing *Nat'l Screen Serv. Corp. v. Poster Exch., Inc.*, 305 F.2d 647, 651 (5th Cir. 1962)).

## Discussion

The Court first notes that because this is a diversity jurisdiction case, Mississippi substantive law is applicable. *See Chambliss v. Wal-Mart Stores, Inc.*, 2015 WL 5009698, *8 (S.D. Miss. Aug. 21, 2015); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Under Mississippi law, "[t]he analysis of premises liability involves three steps: first, the court must determine the status of the injured party as invitee, licensee, or trespasser; second, based on the injured's status, the court must determine what duty the landowner/business operator owed the injured party; and third, the court must determine whether the landowner/business operator breached the duty owed the injured party." *Thomas v. Columbia Grp., LLC*, 969 So.2d 849, 852 (Miss. 2007) (citing *Little ex rel. Little v. Bell*, 719 So.2d 757, 760 (Miss. 1998)).[2]

---

[2] *See also Cox v. Wal-Mart Stores East, L.P.*, 755 F.3d 231, 233 (5th Cir. 2014) ("Premises liability analysis under Mississippi law requires three determinations: (1) legal status of the

3

Regarding the first step of this analysis, the parties agree that Kinsella was an invitee at the time the fall occurred. This is in accordance with Mississippi law, which has recognized that "[a] business invitee is defined as someone who enters onto another's premises at the invitation of the owner for the purpose of benefitting both parties." *Grammar v. Dollar*, 911 So.2d 619, 624 (Miss. Ct. App. 2005). Kinsella's presence at the store was undoubtedly based upon OfficeMax's implied invitation and for the mutual benefit of the parties. Therefore, the Court finds that Kinsella's legal status at the time of the fall was that of an invitee.

The Court now turns to the second step of the premises liability analysis, which requires that it determine the relevant duty of care OfficeMax owed Kinsella. Under Mississippi law, "[a] landowner owes an invitee the duty to keep the premises reasonably safe[.]" *Thomas*, 969 So.2d at 853. "While a premises owner is not an insurer of the safety of invitees, the premises owner does have a duty of reasonable care, to maintain its premises in a reasonably safe condition." *Pigg v. Express Hotel Partners, LLC*, 991 So.2d 1197, 1199 (Miss. 2008).[3] Moreover, "[t]hat duty includes not only the duty to keep its premises in a reasonably safe condition, but the duty to 'warn of any dangerous conditions not readily apparent [of] which the owner knew, or should have known, in the exercise of reasonable care and the duty to conduct reasonable inspections to discover dangerous conditions existing on the premises.'" *Id.* at 1199-1200 (quoting *Gaines v. K-Mart Corp.*, 860 So.2d 1214, 1216 (Miss. 2003)). Stated concisely, "[a] landowner owes an invitee the duty 'to keep the premises reasonably safe and when not reasonably safe to warn only where there is hidden danger or peril that is not in plain and open view.'" *Mayfield v. The*

---

injured person, (2) relevant duty of care, and (3) defendant's compliance with that duty.") (additional citations omitted).

[3] The Mississippi Court of Appeals has recognized that the duty to exercise reasonable or ordinary care is "[t]he highest burden" that can be placed upon a property owner. *Day v. Ocean Springs Hosp. Sys.*, 923 So.2d 246, 249 (Miss. Ct. App. 2006) (additional citations omitted).

*Hairbender*, 903 So.2d 733, 737-38 (Miss. 2005) (quoting *Massey v. Tingle*, 867 So.2d 235, 239 (Miss. 2004) (additional citations omitted)). The Mississippi Supreme Court has further held that these two duties—(1) to keep the premises reasonably safe and (2) to warn of hidden dangers—must be analyzed separately, and "[t]he breach of *either* duty supports a claim of negligence." *Id.* (emphasis added).

Having determined the relevant duty—the second step of the analysis, the Court will now consider whether OfficeMax breached that duty. This third step provides the basis for the parties' dispute. "Mere proof of the occurrence of a fall on a floor within the business premises is insufficient to show negligence of the part of the proprietor." *Chambliss*, 2015 WL 5339698, at *9 (quoting *Bonner v. Imperial Palace of Miss., LLC*, 117 So.3d 678, 682 (Miss. Ct. App. 2013) (additional citation omitted)).

Specifically concerning slip-and-fall cases, the Mississippi Court of Appeals has explained that, in order to recover, a plaintiff must "(1) show that some negligent act of the defendant caused her injury; or, (2) show that the defendant had actual knowledge of a dangerous condition and failed to warn the plaintiff; or, (3) show that the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to the defendant[.]" *Bonner*, 117 So.3d at 682.

Kinsella's argument is based on the second theory of breach listed above—specifically, that OfficeMax had knowledge of a dangerous condition and failed to adequately warn her of that condition. In her complaint, Kinsella asserts that "OfficeMax only placed a single 'wet-floor' sign in the area of the original spill, and failed to place any warning signs or take other preventative and/or precautionary measures to protect store patrons from the excess water/puddle(s)[.]"

5

Based on the circumstances surrounding Kinsella's fall, the wet floor undoubtedly created a dangerous condition.[4] This is evinced by the fact that Kinsella actually slipped on the floor and injured herself. Moreover, it appears clear that Bernero—the OfficeMax employee—perceived the wet floor as a dangerous condition since he placed a yellow caution sign in the area where he had recently mopped. This fact also tends to show that OfficeMax had actual knowledge of the dangerous condition. Nevertheless, Kinsella still must show that OfficeMax failed to adequately warn her of the dangerous condition. Upon review of the arguments and evidence she has submitted, the Court finds that she has come forward with sufficient evidence to create a genuine issue of material fact on this issue, making summary judgment improper.

As previously stated, Kinsella does not dispute that a yellow caution sign was placed in the area where she fell. In fact, she specifically testified in her deposition that she remembered seeing the sign prior to falling and the photographs provided to the Court show her walking just to the left of the sign prior to her fall. Instead, Kinsella argues that the single caution sign failed to adequately warn her of the dangerous condition and that OfficeMax should have taken additional precautionary measures to protect her.

OfficeMax's position is that the caution sign was placed in the "middle of the center aisle[.]" Kinsella, of course, disputes this assertion, averring that the sign was placed "at an angle in between those two [side] aisles[,]" as opposed to the main center aisle where she was walking. She specifically testified that "[w]hat I understand is that wet floor signs, when they're usually placed in advance of a hazard, and the way I interpreted this sign was that it was directing towards the hazard that was in between the small aisle and the first tall aisle, not the main center aisle that I was walking on." Thus, Kinsella's position is that the placement of the

---

[4] *See IOC-Lula, Inc. v. Smartt*, 198 So.3d 455, 459-60 (Miss. Ct. App. 2016) (recognizing a freshly mopped floor as a dangerous condition).

sign did not put her on notice that the middle aisle, where she was walking, was wet. Moreover, Kinsella further testified in her deposition that immediately after she fell, "the manager came up and basically confirmed my initial thought, which was that the spill was in between these two aisles. Because she said specifically, there had been a spill in between these two aisles and they had mopped it up. They didn't realize the water had gotten to where I was when I fell."

Additionally, Kinsella attached to her motion multiple photographs from an OfficeMax surveillance video, which depict her walking toward the sign prior to her fall. The Court has reviewed the photographs but is unable to determine the angle of the sign based upon those pictures. Thus, these photographs do not, in this Court's view, undermine Kinsella's position that the sign was placed at an angle toward the side aisle.

Kinsella also attached to her motion another photograph, which was produced by OfficeMax in discovery that clearly shows a yellow caution sign placed directly in the middle of the store's center aisle. The photograph, however, is dated January 1, 2009. Kinsella avers that the photograph was not taken on the date in question, stating that the photograph "when compared to the still shots from the video surveillance from the subject accident, depict[s] a completely different placement of the 'wet floor' sign shown and signs hanging from the ceiling not shown anywhere in the actual video surveillance from the accident." Disputing Kinsella's argument, OfficeMax merely states that "[t]he date displayed on the camera is merely a default setting."

Upon review of this evidence, the Court finds that genuine issues of material fact remain in dispute, precluding summary judgment. As stated above, when the premises is not reasonably safe, a landowner owes a duty to warn invitees "where there is hidden danger or peril[.]" *Mayfield*, 903 S.2d 737-38. While OfficeMax argues that it complied with this duty because the

sign was placed in the middle of the center aisle in such a manner that Kinsella should have been put on notice that the area was wet, Kinsella testified that, based upon the sign's placement, she thought that the dangerous area was in the side aisle, not in the center aisle where she was walking. Kinsella also testified that the store manager informed her that she was unaware the spill had reached the center aisle. This testimony, if accepted as true, tends to show that OfficeMax did not sufficiently warn Kinsella of the hidden danger, which ultimately caused her to sustain serious injuries. While Kinsella's testimony is certainly self-serving, at this stage, the Court "may not make credibility determinations or weigh the evidence" and must "draw all reasonable inferences" in Kinsella's favor, as the non-moving party. *Reeves*, 530 U.S. at 150.

Applying this standard, the Court finds that summary judgment is not appropriate. Kinsella has come forward with evidence, which weighs in her favor and, if accepted as true, tends to show that OfficeMax failed to sufficiently warn her of the dangerous condition on its premises. Moreover, the photographs that have been provided do not strike the Court as dispositive in favor of either party. Ultimately, Kinsella has come forward with sufficient evidence to create a genuine issue of material fact as to the adequacy of OfficeMax's warning. At the summary judgment stage, the Court's function is not to resolve factual disputes but, rather, simply determine if such disputes exist. *See Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980). Because such disputes remain in existence at this time, the Court finds that OfficeMax's motion should be denied.

**Conclusion**

"[S]ummary judgment for the moving party is only proper when a rational jury, looking at the record as a whole, could not find for the nonmoving party." *Simmons v. Ford Motor Co.*, 2006 WL 3760521, at *2 (S.D. Miss. Dec. 15, 2006) (citing *Matshushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).[5] Based on the evidence provided, the Court finds that a rational jury could rule in Kinsella's favor, making summary judgment improper.

Accordingly, it is hereby ORDERED that OfficeMax's *Motion for Summary Judgment* [40] is DENIED.

SO ORDERED, this the 3rd day of April, 2017.

/s/ MICHAEL P. MILLS
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**

---

[5] On this point, the Mississippi Supreme Court has held that "a case should *never* be taken from a jury 'if, from the facts favorable to the party adversely affected together with all reasonable inferences therefore, it can be said that a rational jury could find in [her] favor.'" *Tate v. Southern Jitney Jungle Co.*, 650 So.2d 1347, 1351 (Miss. 1995) (quoting *McGovern v. Scarborough*, 566 So.2d 1225, 1228 (Miss. 1990)) (emphasis added).